**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ZHIHUI CAO | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:26-cv-00785-WSS |
| | ) | |
| v. | ) | Judge William S. Stickman |
| | ) | |
| SCHEDULE A | ) | |
| DEFENDANTS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO APPEAR REMOTELY VIA
VIDEOCONFERENCE AT THE PRELIMINARY INJUNCTION HEARING**

Defendant, Trading Co., LTD, No. 13 in Schedule A ("Defendant"), by and through undersigned counsel, respectfully moves this Court for leave to appear remotely via videoconference (Zoom or the Court's designated platform) at the preliminary injunction hearing scheduled for June 4, 2026 at 1:30 PM in Courtroom 8B before Judge William S. Stickman.

In support of this motion, Defendant states as follows:

1. This is a utility patent infringement action involving multiple Schedule A Defendants, most of whom are foreign entities located in China. Defendant is a foreign seller with its principal place of business in China. All employees of Defendant are living in China.

2. The Court has rescheduled a hearing on Plaintiff's motion for preliminary injunction for June 4, 2026 (Dkt. No. 24).

3. Undersigned counsel, Zhiwei Hua (New York Bar No. 6099105), resides in the District of Columbia. Traveling from the District of Columbia to Pittsburgh, Pennsylvania, for an in-person appearance would require at least two days for a round trip.

4. Good cause exists to permit remote appearance via videoconference for the following

reasons:

### a.  Significant Financial and Logistical Burden on Counsel and Defendant

Undersigned counsel resides in the District of Columbia. Traveling to Pittsburgh for the in-person hearing would impose substantial and unnecessary financial costs on the Defendant, including transportation, lodging, and lost billable time associated with a two-day round trip. Defendant is a foreign entity with limited financial means for U.S. litigation, and imposing such travel costs would create an undue hardship. A remote appearance will eliminate these expenses while still allowing for full, effective, and vigorous representation.

### b.  Logistical Impossibility for Defendant's Corporate Representative to Travel

All of Defendant's employees and potential corporate representatives are currently located in China. Obtaining a U.S. visa (such as a B-1/B-2 visitor visa) requires an in-person interview at a U.S. consulate or embassy, which currently entails a wait time of several months. Given that the hearing is scheduled for June 4, 2026, it is logistically impossible for any corporate representative to obtain a visa and travel to Pittsburgh in time. Allowing a remote appearance is the only feasible way for the client to meaningfully observe or participate in the proceedings.

### c.  Nature of the Hearing

This preliminary injunction hearing primarily involves legal arguments concerning the alleged utility patent infringement, based on the submitted briefings, declarations, and documentary evidence. No complex, physical evidentiary presentation requiring in-person presence is anticipated. Counsel can effectively present arguments and reference documents via screen-sharing on the Court's designated videoconference platform.

### d.  No Prejudice to Plaintiff or the Court

Permitting a remote appearance will not prejudice the Plaintiff or impair the Court's ability to conduct a fair and orderly hearing. Undersigned counsel will ensure full compliance with the

Court's technical requirements, including maintaining a stable internet connection, appropriate lighting, and a quiet environment, and is available to coordinate with the Court's IT staff or courtroom deputy in advance if necessary.

5. No prior motion for remote appearance has been filed by Defendant in this case.

**WHEREFORE**, Defendant respectfully requests that the Court grant leave for undersigned counsel (and, to the extent necessary or desired, a corporate representative of Defendant) to appear remotely via videoconference at the preliminary injunction hearing on June 4, 2026, and grant such other and further relief as the Court deems just and proper.

Date: May 27, 2026

Respectfully Submitted

/s/Zhiwei Hua
1360 Valley Vista Dr, Suite 140,
Diamond Bar CA 91765
NY 6099105
huazhiwei@concordsage.com
Phone: (216)3923236

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2026, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

<u>/s/ Zhiwei Hua</u>

Zhiwei Hua