IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ZHIHUI CAO,

Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

Civil Case No.: 2:26-cv-00785-WSS

**MEMORANDUM IN OPPOSITION TO**
**MOTION FOR EXTENSION OF TIME TO RESPOND**

Federal Rule of Civil Procedure 6(b) generally provides that, "[w]hen an act may or must be done within a specified time" and the party required to act requests an extension of time "before the original time or its extension expires[,]" the Court "may, for good cause, extend the time[.]" Fed. R. Civ. P. 6(b)(1)(B).

Here, the Court should allow a two-week extension than the arbitrary 30-day extension as currently sought by Defendants.

As background, these two defendants have been communicating with Plaintiff since as early as May 12, 2026. Between May 12, and May 31, 2026, neither defendant indicated that they would need an extension.

1

On May 31, 2026 (not June 1, 2026 as Defendants incorrectly claimed), the present counsel for these two defendants requested a blanket 45-day extension—without any explanation whatsoever.

When asked about the reasoning behind the lengthy 45-day extension, defendants suddenly conceded, again without any explanation whatsoever, that a 30-day extension would suffice.

Further, good cause is lacking because Defendants contradict themselves. On one hand, these defendants claim that they were ready to oppose the preliminary injunction since as early on as May 31, 2026; on the other hand, these defendants claim that they need 45 days to respond to the Complaint. Either Defendants are ready or they are not; but not both.

Last, Defendants' remaining representations are also inaccurate. The undersigned agreed to an extension to at least the preliminary injunction hearing and a further extension if needed. It is simply not correct for Defendants to represent that the undersigned refused their request for extension.

In sum, Defendants' requests for extensions being arbitrary and lacking good cause, the Court should allow a two-week extension than the arbitrary 30-day extension as currently sought by Defendants.

///

///

Date: June 2, 2026                     Respectfully submitted,


                                       /s/ Zheng "Andy" Liu
                                       Zheng "Andy" Liu (CA- 279327)
                                       *Aptum Law*
                                       1660 S Amphlett Blvd Suite 315
                                       San Mateo, CA 94402
                                       Email: Andy.Liu@AptumLaw.us
                                       Phone: 650-475-6289


                                       *ATTORNEY FOR PLAINTIFF*