**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ZHIHUI CAO | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:26-cv-00785-WSS |
| | ) | |
| v. | ) | Judge William S. Stickman |
| | ) | |
| SCHEDULE A | ) | |
| DEFENDANTS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b), OR IN THE ALTERNATIVE, FOR SEVERANCE**

Defendant, Trading Co., LTD, No. 13 in Schedule A ("Defendant"), by and through

undersigned counsel, respectfully moves this Court pursuant to Federal Rules of Civil Procedure

12(b)(6) to dismiss the Complaint with prejudice for failure to state a claim upon which relief can be

granted and for improper joinder. In the alternative, Defendants moves for severance under Fed. R.

Civ. P. 21.

## I.    INTRODUCTION

This is a utility patent infringement action under U.S. Patent No. 12,537,933 ("the '933

Patent") alleging that dozens of unrelated foreign online sellers on Amazon infringe by offering

similar Portable Multifunctional Detection Instrument.

## II.    ARGUMENT

### A. Defendant Should Be Dismissed Under Rule 12(b)(6) Because Complaint Relies

### Exclusively on Boilerplate Labels, Conclusions, and Improper Group Pleading

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pled factual allegations as true, this tenet is inapplicable to legal conclusions; "labels and conclusions" and "[a] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Crucially, where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678. In the context of patent infringement, a plaintiff must plead sufficient facts to plausibly map the elements of the asserted patent claims to the specific accused products.

Here, Plaintiff's Complaint is the epitome of the "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court expressly rejected. *Iqbal*, 556 U.S. at 678. It falls woefully short of the plausibility standard for two primary reasons.

First, Plaintiff engages in impermissible "group pleading." The Complaint lumps together dozens of independent Schedule A defendants and universally accuses them of infringing the '933 Patent, without differentiating among them or specifying the particular conduct of Defendant. Plaintiff fails to identify any specific product sold by Defendant, the timeframe of such alleged sales, or how Defendant specifically engaged in the alleged infringement. Such sweeping, generalized accusations against a collective mass of unrelated entities fail to provide Defendant with fair notice of the actual claims against it.

Second, Plaintiff's infringement allegations are entirely conclusory and amount to nothing more than a formulaic recitation of the patent claims. The Complaint merely asserts that the

accused products contain a "housing," an "infrared detector," and a "red light generator," parroting the language of Claim 1 of the '933 Patent with screenshot collected from Defendant's store. However, the Complaint is completely devoid of any factual allegations demonstrating *how* or *why* Defendant's specific product meets these limitations. For example, Plaintiff pleads no facts identifying which specific component on Defendant's product allegedly functions as an "infrared detector configured to detect red light," nor does the Complaint explain how any component on Defendant's product is "configured to emit red light toward the camera."

Because the Complaint relies solely on boilerplate language, legal conclusions, and generalized group allegations lacking any factual enhancement specific to Defendant, it fails to state a plausible claim for relief. Accordingly, the claims against Defendant must be dismissed pursuant to Rule 12(b)(6).

**B.  Defendant Should Be Dismissed or Severed Due to Improper Joinder Under Rule 20**

Federal Rule of Civil Procedure 20(a)(2) strictly limits the joinder of defendants in a single action to situations where the claims asserted against them arise out of "the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). In the context of mass "Schedule A" intellectual property litigation, courts have consistently expressed "sincere concerns respecting misjoinder." *Quan Ren v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A*, 2025 U.S. Dist. LEXIS 127817, at \*14 (W.D. Pa. July 7, 2025) (quoting *FORCEL MEDIA*, 2025 U.S. Dist. LEXIS 111549, 2025 WL 1665586, at \*2-4).

It is a well-established principle that "it is not enough for a plaintiff to simply allege that multiple defendants have infringed the same patent or trademark to meet Rule 20's requirements." *Id.* (quoting *Estee Lauder Cosms. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule*

*A*, 334 F.R.D. 182, 187 (N.D. Ill. 2020)). The underlying rationale is clear: absent a factual demonstration of a specific connection, conspiracy, or concerted action among the defendants, "one defendant's alleged infringement does not arise out of the same transaction, occurrence, or series of transactions of occurrences as another defendant's unrelated infringement." *Id.*

Here, Plaintiff's Complaint is devoid of any factual allegations suggesting that Defendant acted in concert, coordination, or conspiracy with the other 15 unrelated defendants listed on Schedule A. Plaintiff merely lumps these distinct entities together based on the generalized allegation that they independently infringed the same intellectual property. Because Plaintiff has failed to establish that the claims against Defendant arise from the same transaction or occurrence as the claims against the other defendants, joinder is inherently improper. Accordingly, pursuant to Federal Rule of Civil Procedure 21, the Court should dismiss the claims against Defendant or sever Defendant from this action.

### III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, Defendant requests that the Court sever the claims against it pursuant to Fed. R. Civ. P. 20 and 21, and grant such other and further relief as the Court deems just and proper.

Date: June 2, 2026                                    Respectfully Submitted

/s/Zhiwei Hua
1360 Valley Vista Dr, Suite 140,
Diamond Bar CA 91765
NY 6099105
huazhiwei@concordsage.com
Phone: (216)3923236


ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2026, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Zhiwei Hua

Zhiwei Hua