**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ZHIHUI CAO | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:26-cv-00785-WSS |
| | ) | |
| v. | ) | Judge William S. Stickman |
| | ) | |
| SCHEDULE A | ) | |
| DEFENDANTS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendant, Trading Co., LTD (identified as Defendant No. 13 on Schedule A) ("Defendant"), by and through its undersigned counsel, respectfully submits this Opposition to Plaintiff's Motion for a Preliminary Injunction.

## I.    INTRODUCTION

Plaintiff filed complaint on May 04, 2026, alleging that Defendant committed patent infringement of U.S. Design Patent No. 12,537,933 ("the '933 Patent"). Plaintiff alleges Defendant creates e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale, and/or selling Infringing Products to unknowing consumers in the United States. Plaintiff demands injunction pursuant to 35 U.S.C. § 283, and Federal Rule of Civil Procedure 65.

The Plaintiff's request for injunctive relief should be denied. First, the '933 Patent is completely invalid under the 35 U.S.C. § 102(a)(1) on-sale bar. The underlying technical configuration was publicly sold and reviewed in United States commerce as early as November 2023—more than one year and seven months before Plaintiff filed his patent application on July 2, 2025. Second, even if the patent were valid, Defendant's product does not infringe. Claim 1 strictly

requires an electronic "infrared detector" that is "electrically connected to the control circuit board." Defendant's product possesses no such electronic sensor; its optical camera detection relies entirely on a passive, non-electrical transparent plastic red viewing window through which a user looks with their naked eye. Because Plaintiff cannot demonstrate a likelihood of success on an anticipated, invalid patent, and because Plaintiff fails to show any irreparable harm, the Motion for a Preliminary Injunction should be denied.

## II.     LEGAL STANDARD

To obtain a preliminary injunction, a plaintiff must establish four factors: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In a patent case, if the accused infringer raises a substantial question regarding either infringement or invalidity, a preliminary injunction should not issue. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001).

## III.     ARGUMENT

### A.  Plaintiff Cannot Establish a Likelihood of Success on the Merits

To establish a likelihood of success on the merits for a preliminary injunction, a plaintiff must show that the accused product meets every single limitation of the asserted claims. See *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991). Here, Plaintiff's infringement theory fails as a matter of law because Defendant's Accused Product explicitly lacks foundational hardware components required by Claim 1 of the '933 Patent, and '933 Patent is invalid as anticipated.

## 1. The Accused Product Lacks an "Infrared Detector" Electrically Connected to a Circuit Board

Claim 1 of the '933 Patent expressly requires an "infrared detector (3)... electrically connected to the control circuit board (2)." This limitation unambiguously claims an electronic sensor component capable of receiving optical signals and transmitting electrical data to a circuit board.

Defendant's Accused Product possesses no such electronic infrared detector. As demonstrated by the Accused Product's actual hardware architecture, its "detection" of cameras relies entirely on passive human observation. The device merely emits a standard red LED light, and the user must visually inspect the environment by looking through a passive red transparent plastic window (a physical filter component labeled "Find lens lenses") with their naked eye to manually spot optical reflections from a hidden camera lens (*See* Exhibit 1, Declaration of Jianwu Lin ("Lin Decl.") ¶¶ 3–6). A piece of passive transparent plastic designed solely for human visual inspection contains no wiring or sensor circuitry and is completely isolated from the device's printed circuit board (*See* Exhibit 1, Lin Decl. ¶ 6). It is neither an "infrared detector" nor is it "electrically connected to the control circuit board." Because the Accused Product completely lacks this required electronic hardware component, literal infringement fails under the All-Elements Rule.

## 2. The Accused Product Does Not Emit Red Light "Toward the Camera"

Furthermore, Claim 1 requires a "red light generator (4)... configured to emit red light toward the camera." The Accused Product contains no targeting, tracking, or automated directional mechanism. Its LED components merely provide a general, scattered floodlight to the surrounding environment, relying entirely on the user's manual manipulation to blindly scan an area (*See*

Exhibit 1, Lin Decl. ¶ 5, 7). A static floodlight source does not satisfy the structural limitation of being specifically "configured to emit red light toward the camera."

### 3.   '933 Patent is Anticipated Under 35 U.S.C. § 102(a)(1) by Prior Art On-Sale Products

Under the America Invents Act (AIA), a patent is invalid if the claimed invention was "on sale, or otherwise available to the public before the effective filing date of the claimed invention." 35 U.S.C. § 102(a)(1).

According to the official face sheet of '933 Patent, Plaintiff filed the application for the '933 Patent on July 2, 2025. However, the exact identical technical design was already being actively and publicly sold in the United States commerce long before that date. As documented in *Exhibit A*, a verified U.S. consumer purchased and reviewed the "Hidden Camera Detector" storefront product on November 29, 2023—more than one year and seven months prior to Plaintiff's filing date (*See* Exhibit 1, Lin Decl. ¶¶ 8–9).

Crucially, the 2023 prior art product embodies the exact same structural limitations later claimed in Plaintiff's 2025 patent application, including the elongated handheld housing, the array of LED lights, the top antenna, the signal indicator array, and the distinct square passive optical viewing lens mechanism (*See* Exhibit 1, Lin Decl. ¶ 10). The 2023 public commerce records explicitly disclose that this device operates via a "simple visual inspection" to spot a hidden camera when a "strong bright spot" flashes under red light scanning (*See* Exhibit 1, Lin Decl. ¶ 10).

Plaintiff is caught in an inescapable patent squeeze: if Plaintiff broadens the claim term "infrared detector" to capture a passive, non-electrical red plastic window through which humans look, then Claim 1 is squarely anticipated and rendered invalid under § 102(a)(1) by the identical 2023 marketplace products. Because this visual camera-lens finding technology was heavily placed in public use and on sale in the United States by November 2023, Plaintiff's subsequent 2025 filing

completely lacks novelty. This clear "on-sale bar" creates a substantial question of invalidity that completely obliterates Plaintiff's likelihood of success.

### B. Plaintiff Fails to Demonstrate Irreparable Harm

Following the Supreme Court's decision in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), there is no presumption of irreparable harm in patent litigation. Plaintiff bears the heavy burden of proving that market remedies are inadequate.

Plaintiff's Complaint and PI Motion rely entirely on speculative, boilerplate recitations of market erosion and lost profits. Plaintiff fails to present any specific economic evidence demonstrating that he directly competes with this individual Defendant for the same customer base, or that any alleged injury cannot be fully rectified by standard monetary damages at the conclusion of litigation. Because any purported harm is purely economic and fully compensable via a reasonable royalty or lost profits calculation under 35 U.S.C. § 284, preliminary injunctive relief is legally unwarranted.

### C. The Balance of Equities and Public Interest Favor Defendant

The remaining *Winter* factors tip decidedly in Defendant's favor. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Granting a preliminary injunction and maintaining an asset freeze against a legitimate business based on an anticipated, invalid patent would inflict severe, irreversible economic devastation on Defendant. Conversely, denying the motion merely requires Plaintiff to prove his case through standard discovery channels while preserving the competitive status quo.

Furthermore, the public interest is never served by enforcing a monopoly over an invalid patent that captures technology already free for public use since 2023. The public interest is best

protected by promoting robust market competition and ensuring consumers retain access to affordable, entry-level privacy protection instruments.

### IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court DENY Plaintiff's Motion for a Preliminary Injunction in its entirety.

Date: June 3, 2026

Respectfully Submitted

/s/Zhiwei Hua
1360 Valley Vista Dr, Suite 140,
Diamond Bar CA 91765
NY 6099105
huazhiwei@concordsage.com
Phone: (216)3923236

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Zhiwei Hua

Zhiwei Hua