# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ZHIHUI CAO,

    Plaintiff,

v.

SCHEDULE A DEFENDANTS,

    Defendants.

Civil Case No.: 2:26-cv-00785-WSS

**REPLY MEMORANDUM IN SUPPORT OF PATENT OWNER'S**

**MOTION FOR PRELIMINARY INJUNCTION**

**RE: DEFENDANT No. 13 - Trading Co., LTD**

**A. Defendant's Argument About Its Infared Detectors Unit Is Self-Contradictory And Lacks Credibility.**

Defendant argues that the infrared detector within Accused Product is merely a plastic piece, and that the "'detection' of cameras relies entirely on passive human observation."

These assertions are contradicted by Defendant's own statements published on its Amazon product page. There, Defendant stated that its View Finder can detect "Pinhole Cameras," "GPS trackers," light bulb, "bug," "spy camera," and "Hidden camera." (See claim chart against Defendant No. 13 - t Trading Co., LTD.)

1



| Defendant's own product description |
| --- |

How such a plastic piece, as Defendant now claims, can detect "GPS trackers," "bug," "spy camera," and "Hidden camera" only by "human observation." Defendant fails to explains.

In sum, Defendant's argument should be rejected because it is contradicted by its own statements.

## B. The Accused Product "Is Configured To" Emit Red Light "Toward The Camera."

Here, Defendant misinterpreted the claim limitation "configured to."  Defendant concedes that the accused product includes a red light generator and that this red light generator can omit red light toward a camera.  Defendant, nevertheless, argues that its red light generator is not specifically designed to emit red light toward a camera: for example, it can emit light toward any direction, including the direction where there exists a camera.  From thus, Defendant argues that its red light generator does not

specifically target the direction of a camera.

The Federal Circuit, however, has long broadly interpreted the phrase "configure to" as meaning "capable of." *In re Blue Buffalo Enters., Inc.* (Fed.Cir. Jan. 14, 2026, No. 2024-1611) 2026 LX 53122. ("We see no error in the Board's construction of 'configured to' and 'configured for' in claim 1 as meaning 'capable of.'")

Thus, the "configured to" limitation is infringed upon, as long as Defendant's accused product is "capable of" emitting red light toward a camera—which Defendant concedes.

Thus, Defendant's misinterpreted "configured to" argument should be rejected as contrary to established Federal Circuit precedent.

## C. Defendant's On-Sale Bar Argument Is Based In Insufficient Photo-By-Photo Comparison.

To show anticipation under 35 U.S.C. § 102, "a single prior art reference is identical in all material respects to the claimed invention." *Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1312 (Fed. Cir. 2001) (internal quotation marks omitted)

This is a utility patent infringement case—not a design patent infringement case. A simple photo comparison, without more, does not show how a reference is identical in all material respects to the claimed invention.

Here, offering only two incomplete screenshots, Defendant broadly claims that the alleged prior art anticipates the utility patent-in-suit: according to Defendant, the alleged prior art accomplished countless of functionalities similar to those recited in

3

claims of the patent-in-suit.

This broad assertion lacks factual foundation, however. Because Defendant provides zero explanation as to the basis of its broad claims. For example, Defendant does not explain how the alleged prior art discloses an infrared detector that is "electronically connection to the control circuit board."

In sum, Defendant's on-sale bar argument lacks factual and legal foundation.

### D.  Defendant's Throw-Away Arguments Should Be Disregarded.

"[A]rguments raised in passing …, but not squarely argued, are considered waived." *John Wyeth & Brother Ltd. v. Cigna Int'l Corp.* (3d Cir. 1997) 119 F.3d 1070, n6.

Here, Defendant raised two arguments about lacking irreparable harm and the balancing of equity and public interest, but only in passing. Neither has any evidentiary support, nor were they developed in any substantive fashion. These cursory arguments do not provide fair notice for Plaintiff to respond. These two arguments should thus be deemed waived.

### II.    CONCLUSION

Based on self-contradicting statements and misinterpretations of Plaintiff's claim limitations and the Federal Circuit's precedent on "configured to," defendant's arguments lack merit. Preliminary injunction should be imposed against Defendant No. 13.

///

Date: June 11, 2026                   Respectfully submitted,


/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CA- 279327)
*Aptum Law*
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289


*ATTORNEY FOR PLAINTIFF*