IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ZHIHUI CAO,

               Plaintiff,

      v.

SCHEDULE A DEFENDANTS,

               Defendants.

Civil Case No.: 2:26-cv-00785-WSS

**REPLY MEMORANDUM IN SUPPORT OF PATENT OWNER'S**
**MOTION FOR PRELIMINARY INJUNCTION**
**RE: DEFENDANTS No. 11 and 12– Dronewing and homvos-us**

Defendants Nos. 11 and 12's argument is a copycat of those raised by Defendant 13 and should be rejected for similar reasons explained with respect to Defendant 13.

**A.  Defendant's Argument About Its Infared Detectors Unit Is Self-Contradictory And Lacks Credibility.**

Copying Defendant 13's argument, Defendants Nos. 11 and 12 also claim that the infrared detector within Accused Product is merely a plastic piece, and that the "'detection' of cameras relies entirely on passive human observation."

Like those raised by Defendant 13, these assertions are contradicted by Defendants own statements published on its Amazon product page. There, both

1

Defendants stated that their View Finder has a "RF Scanning mode" and can "[f]ind hidden camera lens instantly."  (See claim chart against Defendant Nos. 11 and 12.)



Defendants' own product description from defendants No. 11 and No. 12

How such a plastic piece, as Defendants now claim, has a "RF Scanning mode" and can "[f]ind hidden camera lens instantly," and only by "human observation." Defendant fails to explains.

Curious, Defendants' opposition brief says that a company representative of its would provide a declaration to this effect but no such declaration has ever been filed.

Thus, the only evidence on the record is Defendant Nos. 11 and 12's statements that their View Finder has a "RF Scanning mode" and can "[f]ind hidden camera lens instantly." (See claim chart against Defendant Nos. 11 and 12.) This self-described feature includes the Plaintiff's claimed feature—an "infrared detector (3) ... electrically connected to the control circuit board (2)."

In sum, Defendant Nos. 11 and 12's argument should be rejected because they are contradicted by its own statements.

**B.  Defendants' On-Sale Bar Argument Is Facially Invalid.**

To show anticipation under 35 U.S.C. § 102, "a single prior art reference is identical in all material respects to the claimed invention." *Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1312 (Fed. Cir. 2001) (internal quotation marks omitted)

Defendants' anticipation argument based on the *Koilboane* reference is factually invalid: Defendant concedes that the *Koilboane* reference "has no infrared detector electrically connected to the control circuit board, and does not meet the limitation "an infrared detector (3) ... electrically connected to the control circuit board (2) ... configured to detect red light emitted by a camera." Dkt. 34.

Thus, the *Koilboane* reference cannot anticipate Plaintiff's claim 1 and all dependent claims.

///

///

**C. Defendants' Irreparable Harm Argument Is Unintelligible And Its Balancing Of Hardship Argument Is Hypothetical.**

 "It is well-settled that, because the principal value of a patent is its statutory right to exclude, the nature of the patent grant weighs against holding that monetary damages will always suffice to make the patentee whole." *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1456- 57 (Fed. Cir. 1988). "If monetary relief were the sole relief afforded by the patent statute then injunctions would be unnecessary and infringers could become compulsory licensees for as long as the litigation lasts." Id. at 1457 (quoting Atlas Powder Co. v. Ireco Chems., 773 F.2d 1230, 1233 (Fed. Cir. 1985)).

Here, ignoring these precedents, Defendants argue that because some of their funds have been frozen, a preliminary injunction should not issue. According to Defendant, there exists no irreparable harm now that some of its funds are frozen.

But if a preliminary injunction does not issue, Defendants' funds will not remain frozen and will be moved outside the jurisdiction of this Court, and Plaintiff will have no recourse to seek monetary relief. Having no recourse against foreign infringers is irreparable harm.

Defendants' hardship argument is essentially that their patent-infringing business has become harder to operate, after some of funds are frozen. But Courts have repeatedly held that an infringing party acts at its own peril and issuing a preliminary injunction is simply requiring the infringing party to cease doing what it had no right to do initially. *See, e.g., Concrete Mach. Co. v. Classic Lawn Ornaments, Inc.*, 843 F.2d 600, 612

4

(1st Cir. 1988) ("Where the only hardship that the defendant will suffer is lost profits from an activity which has been shown likely to be infringing, such an argument in defense 'merits little equitable consideration.'" (quoting *Helene Curtis Industries v. Church & Dwight Co., Inc.*, 560 F.2d 1325, 1333 (7th Cir. 1977))). As such, Plaintiff's hardship outweighs that of Defendant.

To address Defendants' concern about frozen funds, Plaintiff will stipulate to continue or stay the preliminary injunction motion against Defendant Nos. 11 and 12, if these Defendants agree to have certain of its funds frozen by Amazon pending the outcome of this litigation.

But Defendant Nos. 11 and 12 cannot have it both ways: claiming hardship while continue to infringe Plaintiff's patent and leaving plaintiff no recourse to seek damages.

### D. Defendants' Throw-Away Public Interest Argument Should Be Disregarded.

"[A]rguments raised in passing …, but not squarely argued, are considered waived." *John Wyeth & Brother Ltd. v. Cigna Int'l Corp.* (3d Cir. 1997) 119 F.3d 1070, n6.

Here, Defendants raised the public interest argument, but only in passing. This cursory arguments do not provide fair notice for Plaintiff to respond and should be deemed waived.

### II.    CONCLUSION

Based on self-contradicting statements about the functionality of their own products, defendants' arguments are not credible. Preliminary injunction should be imposed against Defendant Nos. 11 and 12.

Date: June 11, 2026                              Respectfully submitted,


/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CA- 279327)
*Aptum Law*
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289


*ATTORNEY FOR PLAINTIFF*