IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ZHIHUI CAO,

                    *Plaintiff,*

    v.

SCHEDULE A DEFENDANTS,

                    *Defendants.*

Civil Action No. 2:26-cv-785

Hon. William S. Stickman IV

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiff Zhihui Cao ("Cao") brought this action asserting that the Schedule A Defendants committed patent infringement of U.S. Patent No. 12,537,933 ("the '933 Patent"), which describes a handheld hidden camera detection device. (ECF No. 1). On May 7, 2026, the Court held a video hearing on the *ex parte* request for a temporary restraining order ("TRO"). (ECF No. 17). Based on the Court's review of the complaint, which included illustrations of the allegedly infringing products, and the brief in support of the TRO, the Court issued a TRO that, in part, barred Defendants from selling infringing products and froze assets held in Defendants' online storefronts. (ECF No. 18).

The Court scheduled a hearing on whether to convert the TRO into a preliminary injunction for May 21, 2026. (ECF No. 16). Upon Cao's request, the hearing was later continued to June 4, 2026. (ECF No. 24). Cao asked for a further extension until June 11, 2026, which the Court granted. (ECF No. 47). The hearing was held, as scheduled, on June 11, 2026. (ECF No. 55). Before the hearing, Defendant 13 (Trading Co, LTD) was represented by its own attorney. Defendants 8 (Smofeng), 9 (Wang Q Twist Shop), 10, (Yangangs Bold Hub), 11

1

(Dronewing), and 12 (homvos-us) were jointly represented by the same counsel. Both sets of Defendants filed briefs opposing the entry of a preliminary injunction. (ECF Nos. 43 and 53). They argue that Cao is not reasonably likely to succeed on the merits because the '933 Patent is invalid due to anticipation by an earlier product. They also contend that even if the '933 Patent was valid, their clients' respective accused products are significantly different and do not infringe.

At the June 11, 2026 hearing, Cao's attorney declined to call any witnesses or to adduce any substantive evidence as to the claims of patent infringement set forth in the complaint. He offered only oral argument against the defenses raised by the appearing Defendants. Counsel argued that the arguments raised in Defendants' opposition briefs (and supporting materials) lacked credibility. He also contended that Defendants had the burden to adduce some credible evidence in support of their defenses, but had failed to do so.

For the following reasons, the Court holds that Cao has failed to carry his burden for the award of a preliminary injunction. Specifically, he has failed to establish reasonable likelihood of success on the merits of his infringement claims.

## I.    STANDARD OF REVIEW

Utility patents are issued pursuant to 35 U.S.C. § 101, which provides that a patent may be obtained for "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof...." 35 U.S.C. § 101. The Patent Act enables federal courts to issue injunctive relief "to prevent the violation of any right secured by patent...." 35 U.S.C. § 283. For patent infringement claims, the Court must apply the preliminary injunction standards set forth by the United States Supreme Court and the United States Court of Appeals for the Federal Circuit. 28 U.S.C. § 1295(a)(1) (stating that the Federal Circuit "shall have

exclusive jurisdiction . . . of an appeal from a final decision of a district court of the United States . . . in any civil action arising under . . . any Act of Congress relating to patents").

"The decision to grant or deny [ ] [injunctive] relief is an act of equitable discretion by the district court...." *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *see also* 35 U.S.C. § 283 (generally providing that courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable"). Injunctive relief is "an extraordinary remedy never awarded as of right." *Wind Tower Trade Coal. v. United States*, 741 F.3d 89, 95 (Fed. Cir. 2014) (citations omitted). A party seeking a preliminary injunction must therefore demonstrate: (1) a reasonable likelihood of success on the merits; (2) the prospect of irreparable harm in the absence of an injunction; (3) that this harm would exceed harm to the opposing party; and (4) that the public interest favors such relief. *Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1259 (Fed. Cir. 2012) (citation omitted). In determining whether to issue injunctive relief, no one factor, taken individually, proves dispositive. *See Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1451 (Fed. Cir. 1988). Rather, a district court "must weigh and measure each factor against the other factors and against the form and magnitude of the relief requested." *Id.* Nevertheless, a district court will not grant an injunction unless the movant "establishes both of the first two factors, likelihood of success on the merits and irreparable harm." *PHG Tech., LLC v. St. John Cos., Inc.*, 469 F.3d 1361, 1365 (Fed. Cir. 2006) (citation omitted).

In reaching its decision on a request for injunctive relief, a district court sits as both the trier of fact and the arbiter of legal disputes. A district court must, therefore, make "findings of fact and conclusions of law upon the granting or refusing of a preliminary injunction." *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1178 (3d Cir. 1990) (citing FED. R. CIV. P. 52(a)(2)).

3

At the preliminary injunction stage, "procedures [ ] are less formal and evidence [ ] is less complete than in a trial on the merits." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 718 (3d Cir. 2004); *see also AT&T Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994) ("[T]he grant or denial of a preliminary injunction is almost always based on an abbreviated set of facts, requiring a delicate balancing [that] is the responsibility of the district judge." (citations omitted)). Accordingly, a district court "may rely on affidavits and hearsay materials which would not be admissible evidence." *Kos Pharms.*, 369 F.3d at 718 (quoting in parenthetical *Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.*, 51 F.3d 982, 985 (11th Cir. 1995)). But the weight given to such materials will "vary greatly depending on the facts and circumstances of a given case." *Id.* at 719. A district court is also tasked with assessing the credibility of witness testimony and may base the decision to grant or deny a preliminary injunction on credibility determinations. *See Hudson Glob. Res. Holdings, Inc. v. Hill*, No. 02:07CV0132, 2007 WL 1545678, at *8 (W.D. Pa. May 25, 2007).

Against this backdrop, a district court maintains the sound discretion to grant or deny a preliminary injunction. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 178–79 (3d Cir. 2017) ("District courts have the freedom to fashion preliminary equitable relief so long as they do so by 'exercising their sound discretion.'" (internal citation omitted)). The primary purpose of preliminary injunctive relief is "maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 647 (3d Cir. 1994). The "status quo" refers to "the last, peaceable, noncontested status of the parties." *Kos Pharms.*, 369 F.3d at 708 (citations omitted).

## II.    ANALYSIS

Cao has not met his burden of showing that a preliminary injunction is warranted. He has failed to adduce enough evidence to establish a reasonable likelihood of success on the merits of his infringement claim.

As a threshold matter, Cao is wrong to the extent that he argued that Defendants had a burden to come forward with evidence that their respective products did not infringe the '933 Patent. Rather, as noted above, it is the burden of the party seeking a preliminary injunction to prove that each element underlying the grant of such extraordinary relief is present. Cao has failed to meet that burden. He has not presented evidence that would allow the Court to determine that he is reasonably likely to succeed on his infringement claim. He has not carried his burden.

In support of his claim, Cao relies on the formulaic and conclusory allegations of his complaint and the arguments set forth in his briefs. The only affirmative evidence that Cao submitted was his own declaration (ECF No. 12-2) and the declaration of his attorney, Zheng Liu ("Liu") (ECF No. 12-3). Cao's declaration discusses in very general terms the fact that he is the owner of the '933 Patent. He also addresses, in general terms, his assertions on how Defendants are infringing by selling competing products on various online platforms. (ECF No. 12-2). The declaration provides only the most high-level description of what the patented product is: "We put large efforts in developing the invention described in the '933 Patent in 2025 to overcome the deficiencies of those conventional ***portable multifunctional detection instruments***." (*Id.* at ¶ 3) (emphasis added). The Cao declaration only alleges that the accused products infringe on the '933 Patent, but he offers no details about how each of the accused products infringes the '933

Patent. Furthermore, Liu's declaration contains no description of the product that embodies the '933 Patent, much less the accused products. (ECF No. 12-3).

Cao was required to offer sufficient reliable evidence to show that the injunction is warranted. His declaration is the only substantive evidence offered in support of the infringement claim set forth in the complaint. Faced with claims raised by Defendants that their accused products do not infringe, the Court cannot rely on any evidence offered by Cao—the party that bears the burden—to determine whether Cao, in fact, is reasonably likely to succeed on the merits. While district courts may rely upon affidavits or declarations in support of a requested preliminary injunction, appellate courts have cautioned over-reliance on self-serving affidavits in lieu of other reliable evidence. In *Atari Games Corp. v. Nintendo of Am., Inc.*, 897 F.2d 1572 (Fed. Cir. 1990), the Federal Circuit explained:

> As a general rule, a preliminary injunction should not issue on the basis of affidavits alone. *People ex rel. Hartigan v. Peters,* 871 F.2d 1336 (7th Cir.1989); *Medeco Sec. Locks, Inc. v. Swiderek,* 680 F.2d 37, 216 USPQ 577 (7th Cir.1981); *Carter–Wallace, Inc. v. Davis–Edwards Pharmacal Corp.,* 443 F.2d 867, 169 USPQ 625 (2d Cir.1971). Moreover, a district court should be wary of issuing an injunction based solely upon allegations and conclusory affidavits submitted by plaintiff. *See American Passage Media Corp. v. Cass Communications,* 750 F.2d 1470 (9th Cir.1985) (reversing grant of preliminary injunction of alleged antitrust violations based on conclusory affidavits); *Oakland Tribune, Inc. v. Chronicle Publishing Co.,* 762 F.2d 1374 (9th Cir.1985) (denying preliminary injunction of alleged antitrust violations supported by only two affidavits). When granting an injunction, Rule 52(a) requires that a court set forth the findings of fact and conclusions of law which are the basis of its decision. FED. R. CIV. P. 52(a). The district court need not make binding findings of fact, but at the very least, must find probabilities that the necessary facts can be proved. *Sierra On–Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 223 USPQ 227 (9th Cir. 1984).

*Id.* at 1575–76. Here, Cao's declaration includes such little information that it is essentially a nullity vis-à-vis evidentiary value.

Cao has not adduced sufficient evidence to permit the Court to determine with any confidence that he is reasonably likely to succeed on the merits. His complaint attaches

photographs of what purport to be the accused products.  But he has failed to connect the dots between those photographs and the '933 Patent.  Having reviewed those photographs, the Court may speculate that some or all of the products in the photographs infringe.[1]  But speculation is not enough.  Cao's burden requires the presentation of some competent evidence.  Absent such evidence, the Court cannot issue a preliminary injunction.

### III.   CONCLUSION

For the reasons listed above, Cao's request for a preliminary injunction will be denied by Order of Court to follow, and the temporary restraining order will be vacated.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

6/16/26

Dated

---

[1]   The Court notes that what satisfies the evidentiary burden will vary based on the type of case. This is a patent infringement case dealing with an electronic device.  As explained above, the Court holds that comparative photographs, alone, are not sufficient to meet Cao's burden.  In other cases, such as those involving alleged infringement of copyrights or trademarks, comparative photographs may be sufficient to show a reasonable likelihood of success on the merits.  Although "Schedule A" cases are frequently presented to the Court in a formulaic one-size-fits-all matter, they are not.  Counsel should be cognizant of their burdens and be prepared to present the evidence required to satisfy those burdens.